## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Topeka Docket)

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-** 40054-01/02-DDC |
| **WEILING NIELSEN**<br>**and**<br>**ERIK NIELSEN,** | |
| **Defendants.** | |

### <u>SEALED INDICTMENT</u>

The Grand Jury charges:

At all material times:

**INTRODUCTION**

1.      Between 2007 and continuing to on or about the return of the Indictment, the

defendants, Weiling Nielsen ("W. Nielsen") and Erik Nielson ("E Nielson"), and others known

and unknown to the Grand Jury, conspired and agreed with each other to operate massage parlors

that were fronts for illegal prostitution operations.

2.      Between 2007 and May 2015, W. Nielsen operated Jasmine Massage in Topeka,

Kansas.  Between September 2010 and October 2015, W. Nielsen operated Naima Asian

Massage in Lawrence, Kansas.  Between October 2015, and continuing to the date of the return

of the Indictment, W. Nielsen operated Serenity Health Spa in Lawrence, Kansas.  These

businesses operated on a mostly cash basis.

3.      E. Nielsen is the husband of W. Nielsen, and assisted W. Nielsen in the transfer of proceeds from the businesses to purchase real estate in California.

4.      The Nielsens owned various bank accounts between October 20, 2009, and October 2017.  During this time, the Nielsens deposited approximately $2,105,606.81 into these accounts.  Of this amount, approximately $102,803.37 appeared to be related to E. Nielsen's employment and approximately $796,581 was cash deposits.

5.      Between approximately March 25, 2011, and September 2, 2016, W. Nielsen and E. Nielsen purchased money orders in Topeka, Kansas, Lawrence, Kansas and Junction City, Kansas.  The total amount of these money orders was over $230,000.  These money orders were deposited into one or more of the Nielsens' bank accounts in California.

6.      Payments on the loans for the Nielsens' residences in San Bruno, California and San Mateo, California came from these accounts.

7.      On October 31, 2006, W. Nielsen and E. Nielsen purchased a residence located on Los Prados Street in San Mateo, California for $435,000.  The Nielsens provided a cashier's check in the amount of $159,703.80 and a personal check in the amount of $5,000 at closing.  The Nielsens sold the property for $475,000 on March 5, 2015, and realized approximately $450,954.90 from the sale.

8.      On April 9, 2013, W. Nielsen purchased a residence in San Bruno, California for $510,000.  W. Nielsen provided approximately $189,084.70 at closing, drawn from bank accounts belonging to W. Nielsen. W. Nielsen financed the balance owed on the property through a loan with Sterling Bank & Trust.  On the loan application, W. Nielsen claimed she was employed as the manager of a restaurant in Lawrence, Kansas, making $6,500 per month.  W.

Nielsen listed on the loan application a number for the restaurant, which in fact was a number associated to Jasmine Massage, an illegal massage parlor operated by W. Nielsen.  W. Nielsen paid the balance of the loan on March 4, 2016.

9.      On March 25, 2015, W. Nielsen and E. Nielsen purchased a residence in San Mateo, California for $1,130,000.  The Nielsens provided $488,454.90 at closing comprised of: $450,954.90 from the sale of Los Prados Street property; and the remainder came from funds in their bank accounts.  The Nielsens financed the balance owed on the property through a loan with Sterling Bank & Trust.  On the loan application, W. Nielsen claimed she was employed as a senior manager and E. Nielsen claimed he was employed as an inventory manager at the same restaurant in Lawrence.  On the loan application, the Nielsens listed a number for the restaurant, which in fact was a number associated to Jasmine Massage, an illegal massage parlor operated by W. Nielsen.  The Nielsen's claimed a combined monthly income of $14,000.  However, according to records from the Kansas Department of Revenue, no wages for W. Nielsen or E. Nielsen were reported by that restaurant.

## COUNT 1
### Conspiracy - 18 U.S.C. § 371

10.      Paragraphs 1 through 9 are incorporated herein by reference as though fully restated.

11.      Beginning in or about 2007, and continuing to on or about the date of the return of the Indictment, in the District of Kansas, the defendants,

**WEILING NIELSEN
AND
ERIK NIELSEN,**

conspired and agreed with each other and with other persons both known and unknown to the Grand Jury, to commit offenses against the United States, hereafter described, that is:

      A.      Bank Fraud, in violation of Title 18, United States Code, Section 1344; and

      B.      Interstate transportation in aid of racketeering enterprises, in violation of Title 18, United States Code, Section 1952.

**Overt Acts**

12.      In furtherance of the conspiracy and scheme, and to accomplish the purposes and objectives of the conspiracy, one or more coconspirators committed overt acts in the District of Kansas and elsewhere, including but not limited to the allegations set forth in paragraphs 1 through 9 above, and the substantive crimes set forth in Counts 3 through 9.

This was in violation of Title 18, United States Code, Section 371.

<u>**COUNT 2**</u>
**Conspiracy – 18 U.S.C. § 1956(h)**

13.      Paragraphs 1 through 12 are incorporated herein by reference as though fully restated.

14.      Beginning in at least 2010, and continuing to on or about the date of the return of the Indictment, in the District of Kansas, the defendants,

**WEILING NIELSEN
and
ERIK NIELSEN,**

knowingly conspired, and agreed with each other, and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United

4

States Code, Section 1956, namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, namely:  Bank Fraud, in violation of Title 18, United States Code, Section 1344; Wire Fraud, in violation of Title 18, United States Code, Section 1343; and, Interstate transportation in aid of racketeering enterprises, in violation of Title 18, United States Code, Section 1952, knowing that the transactions were designed in whole or in part  to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and intended to promote the carrying on of  the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956 (a)(1)(A)(i) and 1956(a)(1)(B)(i).

This was in violation of Title 18, United States Code, Sections 1956(h) and 2.

## COUNT 3
### Bank Fraud

15.     Paragraphs 1 through 14 are incorporated herein by reference as though fully restated.

16.     On or about April 9, 2013, in the District of Kansas and elsewhere, the defendants,

**WEILING NIELSEN**
**and**
**ERIK NIELSEN,**

devised a scheme and artifice to defraud Sterling Bank & Trust, a financial institution as defined in 18 U.S.C. § 20(1), to obtain moneys, funds, credits, assets, securities, and other property

owned by and under the custody and control of Sterling Bank & Trust, by means of false and fraudulent pretenses, representations, and promises.

17.     In furtherance and execution and attempted execution of the scheme and artifice to defraud, the defendants gave materially false information on a loan application, falsifying the employment information of W. Nielsen, and causing Sterling Bank & Trust to rely on a false verbal confirmation of employment, causing Sterling Bank & Trust to approve a loan in the amount of $331,500 for the purchase of real property at Easton Avenue in San Bruno, California.

This was in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 4
### Bank Fraud

18.     Paragraphs 1 through 17 are incorporated herein by reference as though fully restated.

19.     On or about March 25, 2015, in the District of Kansas and elsewhere, the defendants,

**WEILING NIELSEN**
**and**
**ERIK NIELSEN,**

devised a scheme and artifice to defraud Sterling Bank & Trust, a financial institution as defined in 18 U.S.C. § 20(1), to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Sterling Bank & Trust, by means of false and fraudulent pretenses, representations, and promises.

20.     In furtherance and execution and attempted execution of the scheme and artifice to defraud, the defendants gave materially false information on a loan application, falsifying the employment information of W. Nielsen and E. Nielsen, and causing Sterling Bank & Trust to

rely on a false verbal confirmation of employment, causing Sterling Bank & Trust to approve a

loan in the amount of $687,500 for the purchase of real property at Idaho Street in San Mateo,

California.

This was in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 5 - 9
### Laundering of Monetary Instruments

21.     Paragraphs 1 through 20 are incorporated herein by reference as though fully

restated.

22.     On or about the dates set forth below, in the District of Kansas and elsewhere, the

defendants,

**WEILING NIELSEN**
**and**
**ERIK NIELSEN,**

knowingly conducted and attempted to conduct financial transactions affecting interstate and

foreign commerce, as set forth below, which involved the proceeds of a specified unlawful

activity, namely:  bank fraud, in violation of 18 U.S.C. § 1344, wire fraud, in violation of 18

U.S.C. § 1343, and use of a facility of interstate commerce to promote and establish prostitution,

in violation of 18 U.S.C. § 1952, knowing that the transaction was designed in whole and in part

to conceal and disguise, the nature, source, ownership, and control of the proceeds of said

specified unlawful activity and that while conducting and attempting to conduct such financial

transaction knew that the property involved in the financial transaction represented the proceeds

of some form of unlawful activity.

7

| Count | Date | Transaction |
|-------|------|-------------|
| 5 | 3/12/2014 | Purchase of four (4) money orders in Kansas with cash in the total amount of $4,000.00, and deposited in East West Bank account ending in 6503 belonging to W. Nielsen. |
| 6 | 3/21/2014 | Purchase of four (4) money orders in Kansas with cash in the total amount of $3,195.00, and deposited in Sterling Bank account ending in 0905 belonging to W. Nielsen. |
| 7 | 4/4/2014 | Purchase of four (4) money orders in Kansas with cash in the total amount of $4,000.00, and deposited in JP Morgan Chase Bank account ending in 4504 belonging to W. Nielsen and E. Nielsen. |
| 8 | 10/2/2014 | Purchase of five (5) money orders in Kansas with cash in the total amount of $5,000.00, and deposited in Bank of America account ending in 5726 belonging to E. Nielsen. |
| 9 | 8/10/2016 | Purchase of two (2) money orders in Kansas with cash in the total amount of $2,000.00, and deposited in Sterling Bank account ending in 0905 belonging to W. Nielsen and E. Nielsen |

This was in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

**COUNT 10**
**Interstate Transportation in Aid of Racketeering Enterprises**

23.     Paragraphs 1 through 22 are incorporated herein by reference as though fully

restated.

24.     Beginning on or about May 2015, and continuing to on or about the date of the

return of the Indictment, in the District of Kansas and elsewhere, the defendants,

**WEILING NIELSEN**
**and**
**ERIK NIELSEN,**

used facilities of interstate commerce, namely telephones, wires, and the internet, to facilitate the

promotion, management, establishment, or carrying on of unlawful activity, namely, prostitution.

This was in violation of 18 U.S.C. §§ 1952(a)(3) and (b)(i)(1), and § 2.

**COUNT 11**
**Interstate Transportation in Aid of Racketeering Enterprises**

25.     Paragraphs 1 through 24 are incorporated herein by reference as though fully restated.

26.     Beginning on or about May 2015, and continuing to on or about the date of the return of the Indictment, in the District of Kansas and elsewhere, the defendants,

**WEILING NIELSEN
and
ERIK NIELSEN,**

used facilities of interstate commerce, namely telephones, wires, and the internet, to distribute the proceeds of any unlawful activity, namely, prostitution.

This was in violation of 18 U.S.C. §§ 1952(a)(1) and (b)(i)(1), and § 2.

### FORFEITURE ALLEGATION I (Money Laundering)

27.     The allegations contained in paragraphs 1-26 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title18, United States Code, Section 982(a)(1).

28.     Upon conviction of the offenses identified in Counts 2 and 5-9, the defendants,

**WEILING NIELSEN
AND
ERIK NIELSEN,**

shall forfeit to the United States of America, pursuant to Title18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses and any property traceable to such property.  The property to be forfeited includes, but it not limited to the following:

A.     A forfeiture money judgment to be imposed against each defendant in an amount that represents the amount of proceeds personally obtained.

B.      All lots or parcels of land, together with their buildings, appurtenances, improvements, fixtures, attachments and easements located at 750 North Idaho Street, San Mateo, CA 94401-1121, also identified as:

> Portion of Lot 1, Block 74, as designated on the Map entitled "Map No. 3 Bowie Estate, being part of the Estate of Agnes Bowie to be Partitioned San Mateo County California", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California on Page 93, more particularly described as follows:
> Beginning at a point on the Southeasterly line of State Street, at its intersection with the Northeasterly line of North Idaho Street, as said streets are shown on the Map entitled "Map of Peninsular Manor, San Mateo, Cal.", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California, on April 1, 1929, in Book 17 of Maps, at Page 39; running thence along said Southeasterly line of State Street, North 48° 31' 05" East 69 feet; thence South 41° 22' East 125 feet to a point on the center line of an abandoned unnamed road; thence along said center line, South 48° 31' 05" West 69 feet to the prolongation Southeasterly of the said Northeasterly line of North Idaho Street; thence along said line, North 41° 22' West 125 feet to the point of beginning.
> APN: 033-024-090.

C.      All lots or parcels of land, together with their buildings, appurtenances, improvements, fixtures, attachments and easements located at 878 Easton Avenue, San Bruno, California 94066, also identified as:

> Lot 26, Block 3, as designated on the Map entitled, "MAP OF BLOCKS 3 AND 4, SAN BRUNO PARK, SAN MATEO COUNTY, CALIFORNIA", which Map was filed in the office of the Recorder of the County of San Mateo, State of California on January 5, 1904, in Book "C" of Maps, at Page 19, and a copy entered in Book 3 of Maps, at page 19.

## FORFEITURE ALLEGATION II (Fraud and ITAR)

29.      The allegations contained in paragraphs 1 – 28 of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code 2461.

30.      Upon conviction of the offenses identified in Counts 1, 3, 4, 10, and 11, the defendants,

10

**WEILING NIELSEN**
**AND**
**ERIK NIELSEN,**

shall forfeit to the United States of America, pursuant to Title18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code 2461, any property, real or personal, involved in

such offenses and any property traceable to such property.  The property to be forfeited includes,

but it not limited to the following:

A.    A forfeiture money judgment to be imposed against each defendant in an amount that represents the amount of proceeds personally obtained.

B.    All lots or parcels of land, together with their buildings, appurtenances, improvements, fixtures, attachments and easements located at 750 North Idaho Street, San Mateo, CA 94401-1121, also identified as:

Portion of Lot 1, Block 74, as designated on the Map entitled "Map No. 3 Bowie Estate, being part of the Estate of Agnes Bowie to be Partitioned San Mateo County California", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California on Page 93, more particularly described as follows:
Beginning at a point on the Southeasterly line of State Street, at its intersection with the Northeasterly line of North Idaho Street, as said streets are shown on the Map entitled "Map of Peninsular Manor, San Mateo, Cal.", which Map was filed in the Office of the Recorder of the County of San Mateo, State of California, on April 1, 1929, in Book 17 of Maps, at Page 39; running thence along said Southeasterly line of State Street, North 48° 31' 05" East 69 feet; thence South 41° 22' East 125 feet to a point on the center line of an abandoned unnamed road; thence along said center line, South 48° 31' 05" West 69 feet to the prolongation Southeasterly of the said Northeasterly line of North Idaho Street; thence along said line, North 41° 22' West 125 feet to the point of beginning. APN: 033-024-090.

C.    All lots or parcels of land, together with their buildings, appurtenances, improvements, fixtures, attachments and easements located at 878 Easton Avenue, San Bruno, California 94066, also identified as:

Lot 26, Block 3, as designated on the Map entitled, "MAP OF BLOCKS 3 AND 4, SAN BRUNO PARK, SAN MATEO COUNTY, CALIFORNIA", which Map was filed in the office of the Recorder of the County of San Mateo, State of

11

California on January 5, 1904, in Book "C" of Maps, at Page 19, and a copy entered in Book 3 of Maps, at page 19.

31.     If any of the property described above, as a result of any act or omission of the defendants:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL.

Dated:  May 30, 2018                        s/Foreperson_____
                                            FOREPERSON

12

<u>s/ Christine E. Kenney, # 13542 for</u>
STEPHEN R. MCALLISTER
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
stephen.mcallister@usdoj.gov
Ks. S. Ct. No. 15845

(It is requested that trial of the above captioned case be held inTopeka, Kansas.)

13